IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                                    CASE NO. 15-02030 (ESL)

VICTOR J. COLON VIDAL AND                   CHAPTER 13
XIOMARA COLON ARROYO

     Debtors

OPINION AND ORDER

Pending before this court is the motion for summary judgment filed by the debtor praying the court to find that creditor Scotiabank Puerto Rico ("Scotiabank") is a general unsecured creditor as to proof of claim number 7 (dkt. #87). Scotiabank has opposed the motion (dkt. #91). Debtor sur-replied to Scotiabank's opposition (dkt. #102).

Debtors are the owners of a real property located in Carr. 857 Km 6.5 Bo. Canovanillas, Sector Los Jimenez, Calle Orozco, Carolina Puerto Rico ("the property"). The property is debtors' principal residence and they executed a sworn statement declaring the property exempt under the Puerto Rico Homestead Act. On Schedule C of the petition, the debtors claimed the property fully exempt pursuant to the PR Homestead Act. Debtors' claimed exemptions were not objected by any party to the instant case.

Standard for Motion for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure is applicable to this contested pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure, made applicable through Fed. R. Bankr. P. 9014(c). Summary judgment should be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter

-1-

of law." Fed. R. Bankr. P. 7056; see also, In re Colarusso, 382 F.3d 51 (1st Cir. 2004), citing Celotex Corp. v. Catrett, 477 U.S. 317, 322–323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

"The summary-judgment procedure authorized by Rule 56 is a method for promptly disposing of actions in which there is no genuine issue as to any material fact or in which only a question of law is involved." Wright, Miller & Kane, Federal Practice and Procedure, 3d, Vol 10A, § 2712 at 198. "Rule 56 provides the means by which a party may pierce the allegations in the pleadings and obtain relief by introducing outside evidence showing that there are no fact issues that need to be tried." Id. at 202–203. Summary judgment is not a substitute for a trial of disputed facts; the court may only determine whether there are issues to be tried, and it is improper if the existence of a material fact is uncertain. Id. at 205–206.

Summary judgment is warranted where, after adequate time for discovery and upon motion, a party fails to make a showing sufficient to establish the existence of an element essential to its case and upon which it carries the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

For there to be a "genuine" issue, facts which are supported by substantial evidence must be in dispute, thereby requiring deference to the finder of fact. Furthermore, the disputed facts must be "material" or determinative of the outcome of the litigation. Hahn v. Sargent, 523 F.2d 461, 464 (1st Cir. 1975), cert. denied, 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976). When considering a petition for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party. Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 473, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962); Daury v. Smith, 842 F.2d 9, 11 (1st Cir. 1988).

The moving party invariably bears both the initial as well as the ultimate burden in demonstrating its legal entitlement to summary judgment. Adickes v. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). See also López v. Corporación Azucarera de Puerto Rico, 938 F.2d 1510, 1516 (1st Cir. 1991). It is essential that the moving party explain its reasons for concluding that the record does not contain any genuine issue of material fact in addition to making a showing of support for those claims for which it bears the burden of trial. Bias v. Advantage International, Inc., 905 F.2d 1558, 1560–61 (D.C. Cir. 1990), cert. denied, 498 U.S. 958, 111 S.Ct. 387, 112 L.Ed.2d 397 (1990).

The moving party cannot prevail if any essential element of its claim or defense requires trial. López, 938 F.2d at 1516. In addition, the moving party is required to demonstrate that there is an absence of evidence supporting the nonmoving party's case. Celotex, 477 U.S. at 325, 106 S.Ct. 2548. See also Prokey v. Watkins, 942 F.2d 67, 72 (1st Cir. 1991); Daury, 842 F.2d at 11. In its opposition, the nonmoving party must show genuine issues of material facts precluding summary judgment; the existence of some factual dispute does not defeat summary judgment. Kennedy v. Josephthal & Co., Inc., 814 F.2d 798, 804 (1st Cir. 1987). See also, Kauffman v. Puerto Rico Telephone Co., 841 F.2d 1169, 1172 (1st Cir. 1988); Hahn, 523 F.2d at 464. A party may not rely upon bare allegations to create a factual dispute but is required to point to specific facts contained in affidavits, depositions and other supporting documents which, if established at trial, could lead to a finding for the nonmoving party. Over the Road Drivers, Inc. v. Transport Insurance Co., 637 F.2d 816, 818 (1st Cir. 1980).

The moving party has the burden to establish that it is entitled to summary judgment; no defense is required where an insufficient showing is made. López, 938 F.2d at 1517. The nonmoving party need only oppose a summary judgment motion once the moving party has met its burden. Adickes, 398 U.S. at 159, 90 S.Ct. 1598.

-3-

Facts and Discussion

On July 20, 2015, Scotiabank filed POC 7. Scotiabank included with its claim copy of a Note and Deed of Mortgage executed by the debtors dated May 19, 2005. However, Scotiabank did not include evidence of either presentation nor recordation of the Deed of Mortgage. Scotiabank included evidence of a complaint against the debtors filed before the Carolina Superior Court on October 20, 2014. The factual allegations averred in complaint indicate that the Deed of Mortgage was filed before the property registry but was notified with defects and that, since such defects were not corrected, the presentation entry expired. Scotiabank also included copy of a Judicial Order of Cautionary Notice. The cautionary notice of pendent litigation recorded on debtors' property is a judicial lien as it arises by virtue of judicial proceedings in the absence of which there would not be such a lien. In the instant case, the cautionary notice recorded over debtors' residence was obtained through the issuance of a judicial order obtained in a judicial action commenced by Scotiabank against the debtors. Absent such judicial proceeding, there would be no cautionary notice. The court also finds that the cautionary notice was filed on August 24, 2015, that is, after the petition was filed.

It is uncontested that Scotiabank's mortgage deed has not been recorded. The only reason for which Scotiabank's has an inchoate lien over the property is because of the existence of a judicial proceeding in the absence of which there would be no lien. Thus, the court finds that the cautionary notice recorded over debtors' property is a judicial lien. If the lien is judicial, it is avoidable.

Having determined that the lien is judicial, the next question to address is whether such judicial lien impairs debtors' exemption. There are two requirements that must be met for a debtor to avoid a lien under § 522(f): (1) the debtor must have had an ownership interest in the property before the lien attached; and (2) avoidance of the lien must entitle the debtor to a state or federal

-4-

exemption. In re Weinstein. 164 F. 3d. 677 (1st Cir. 1998). In the instant case, the debtors meet both requirements. The debtors are entitled to claim the entire value of the property exempt pursuant to Puerto Rico's homestead exemption. Therefore, the lien is considered to impair debtor's exemption and it is subject to avoidance.

It is undisputed that there is no mortgage recorded over debtors' property. It is also undisputed that the cautionary notice recorded in the Property Registry was obtained through the issuance of a judicial order entered by the Carolina Superior Court. Consequently, such cautionary notice is a judicial lien under the Bankruptcy Code. The debtors have claimed the full value of their residence exempt pursuant to the Puerto Rico Homestead Act. Debtors' claim of exemption complies with the requirements of the Homestead Act and no party has argued to the contrary.

The court finds that the annotation affecting debtors' property recorded on August 24, 2015 is a post-petition action in violation of the automatic stay, and that the lien created by such annotation is void. Furthermore, the cautionary notice is judicial lien that impairs debtors' homestead exemption and the lien is void pursuant to section 522(f) of the Bankruptcy Code, 11 U.S.C § 522(f). Consequently, Scotiabank is an unsecured creditor in the instant case.

The court notes that Scotiabank's claim number 7 was transferred to Deutsche Bank National Trust Company as Certificate Trustee on Behalf of Bosco Credit II Trustee, Series 2017-1 ("Deutsche Bank") on December 6, 2017, and neither Scotiabank nor Deutsche Bank have opposed the sur-reply filed by the Debtor on December 21, 2016. The court further notes that the Chapter 13 plan dated January 26, 2018 (dkt. #121) was confirmed on February 27, 2018 (dkt. #129). Neither Scotiabank nor Deutsche Bank filed an objection to the confirmed plan, which has no provision to pay proof of claim 7 as a secured claim. The terms of the confirmed chapter 13 plan are binding. In re Jimenez Galindez, 514 B.R. 79 (Bankr. D. P.R. 2014); In re Valdés Morales, 2019 WL 1220839 (Bankr. D. P.R. March 13, 2019).

The court finds that there are no relevant facts in controversy, as stated by the Debtor in both the motion for summary judgment and the sur-reply and concludes that the debtor is entitled as a matter of law for the reasons stated above.

In view of the foregoing, Debtor's motion for summary judgment is hereby granted. Therefore, Scotiabank's proof of claim number 7, transferred to Deutsche Bank, is an unsecured claim for the amount filed.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 23rd day of March 2020.

Enrique S. Lamoutte
United States Bankruptcy Judge

-6-